IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIRI GASPAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| DS WATERS OF AMERICA, INC. | ) | Judge: |
| | ) | |
| | ) | Magistrate Judge: |
| Defendant. | ) | **Jury Demanded** |

## COMPLAINT

The plaintiff, Jiri Gaspar, by and through his attorneys, Marshall J. Burt and Andrew J. Cohen, hereby complains against the Defendant D.S. Waters of America, Inc. as follows:

### Nature Of the Action

1. The plaintiff, Jiri Gaspar, is employed by the Defendant. During his employment, Gaspar experienced medical issues related to his employment. Gaspar was subject to harassment and discrimination based upon a disability arising from his medical condition. After a short period of approved leave, Defendant refused to allow Gaspar to return to his position despite having a full release from his physician. Finally, after over a year of being rejected from returning to his employment, Defendant allowed Gaspar to return to his previous position. However, plaintiff was subject to retaliation after his return to work. To redress his injuries resulting from the violation of his civil rights, Gaspar brings this action against the Defendant under 42 U.S.C. §2000e-2, 42 U.S.C. §12101 et seq. and 42 U.S.C. §2000e-3.

**Jurisdiction and Venue**

2. On or about May 8, 2009, Gaspar filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission and cross filed with the Illinois Department of Human Rights. On August 15, 2011, the EEOC issued a Notice of Suit Rights to Gaspar. This action has been commenced within ninety days from Gaspar's receipt of the right to sue notice. Accordingly, this Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331, 28 U.S.C. §1343 and 28 U.S.C. §1367.

3. Venue is appropriate in this district court under 28 U.S.C. § 1391 (b) and (c) because the defendant conducts business in this judicial district and is subject to personal jurisdiction in Illinois.

**The Parties**

4. The plaintiff, Jiri Gaspar ("Gaspar") resides in the state of Illinois.

5. The defendant, DS Waters of America, Inc. ("DS Waters") conducts business in Illinois.

6. On information and belief, DS Waters employs in excess of 500 employees.

**COUNT I**
**(ADA Discrimination)**

1-6 Gaspar incorporates Paragraphs 1 through 6 above as Paragraph 1 through 6 of this Count I.

7. Gaspar was hired by DS Waters on or about September 22, 2007 as an employee. Gaspar worked in the position of Internal Branch Transportation Driver.

8. At all times during her employment, Gaspar performed his job in a satisfactory manner and received merit pay increases because of his satisfactory performance.

9. During his employment, Gaspar experienced medical issues and requested a medical leave.

10. On March 17, 2009, Gaspar was out on an approved medical leave of absence. Gaspar was a qualified individual with a disability pursuant to 42 U.S.C. §12131(2)

11. On April 27, 2009, Gaspar attempted to return to work after presenting a release to return to work from his medical treater.

12. DS Waters refused to accept the physician's release and refused to allow Gaspar to return to his position.

13. DS Waters' refusal to allow Gaspar to return to work was a violation of his civil rights under the ADA.

14. As a direct result of the discrimination, Gaspar suffered and continues to suffer emotional distress, humiliation, lost wages and other damages.

15. The acts of the Defendant were done with malice or reckless indifference to the plaintiff's federally protected rights. Accordingly, punitive damages against the Defendant are warranted.

Wherefore, the Plaintiff, Jiri Gaspar, hereby requests that judgment be entered in his favor and against the Defendant, DS Waters of America, Inc. and to award him the following relief:

    a. Declare that the acts and practices complained of herein are in violation of the Amercians with Disabilities Act, as amended;

    b. Restrain and permanently enjoin these violations;

    c. Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

    d. Award plaintiff actual damages;

    e.       Award plaintiff any pay he may be due;

    f.       Award plaintiff compensatory damages and damages for his mental anguish and humiliation;

    g.       Award plaintiff punitive damages;

    h.       Award plaintiff his costs incurred in connection with this action, including reasonable attorneys' fees; and

    i.       Grant plaintiff such other and further relief as this Court deems just and proper.

### COUNT II
### (Retaliation)

1-15.    Gaspar incorporates Paragraphs 1 through 15 of Count I as Paragraphs 1 through 15 of this Count II.

16.    On May 8, 2009, Gaspar filed a charge of discrimination and retaliation with the EEOC with respect to the inappropriate treatment.

17.    At times after Gaspar was finally returned to his position, he experienced retaliation by DS Waters.

18.    The retaliation included, but is not limited to, the following types of treatment: Gaspar was asked to work hours in excess of his release, was monitored more than other employees that did not complain of discrimination, was treated adversely compared to other drivers, was held to a higher standard than other drivers, was refused holiday time, was forced to use substandard equipment despite his complaints, etc.

19.    The foregoing treatment of Gaspar constitutes retaliation.

20.    As a direct result of the retaliation, Gaspar suffered and continues to suffer emotional distress, humiliation, and other damages.

21. The acts of the Defendant were done with malice or reckless indifference to the plaintiff's federally protected rights.

Wherefore, the Plaintiff, Jiri Gaspar, hereby requests that judgment be entered in his favor and against the Defendant DS Waters of America, Inc. and to award him the following relief:

a    Declare that the acts and practices complained of herein are in violation of his federally protected rights;

b.    Restrain and permanently enjoin these violations;

c.    Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

d.    Award plaintiff his costs incurred in connection with this action, including reasonable attorneys' fees; and

e.    Grant plaintiff such other and further relief as this Court deems just and proper.

**JURY DEMANDED**

Respectfully submitted,

JIRI GASPAR

By:_/s/ Andrew J. Cohen

One of his attorneys

Marshall J. Burt, Esq. ID #06198381
Andrew J. Cohen, Esq. ID #06215895
77 West Washington Street, Suite 1900
Chicago, IL 60602
(312) 419-1999
mjburt@mindspring.com
lawyerajc@aol.com